2009 VT 2

## EUROWEST CINEMAS, LLC v. VERMONT DEPARTMENT OF TAXES

[969 A.2d 688]

No. 08-087

¶ 1. January 13, 2009. Taxpayer Eurowest Cinemas, LLC appeals from a determination of the Commissioner of Taxes assessing meals-and-rooms taxes on its sale of popcorn and nachos. Taxpayer argues that the Commissioner based the assessment on an erroneous interpretation of its own regulation. We disagree; therefore, we affirm.

¶ 2. Taxpayer operates a movie theater in Essex Junction, Vermont, and patrons of its theater may purchase, among other items, popcorn and nachos at the theater's snack bar. At the time of purchase, taxpayer's employees add hot, melted butter to the heated popcorn, if requested, and add warm, melted cheese to the nachos.[1]

¶ 3. In 2003, an audit conducted by the Department determined that since the

_____

[1] The facts set forth herein are gleaned from the transcript of the December 13, 2006 Department of Taxes evidentiary hearing and the Commissioner's findings of fact as set forth in a written determination dated May 30, 2007.

theater commenced operations in October 2001, taxpayer had not collected meals-and-rooms tax on its sales of popcorn and nachos. The Department concluded that the popcorn and nachos for sale at taxpayer's theater met the statutory definition of "taxable meal" pursuant to § 9202(10)(C)(iii) of the Meals and Rooms Tax Act. That section defines "taxable meals" to include all heated foods and beverages. 32 V.S.A. § 9202(10)(C)(iii). Persons who charge for "taxable meals," such as taxpayer, are required to collect meals-and-rooms tax on these sales. *Id.* §§ 9202(4), 9241(b). Therefore, in light of taxpayer's failure to collect the statutorily mandated meals-and-rooms taxes on these heated food items, the Department assessed taxpayer for the amount of unpaid meals-and-rooms tax as well as interest, penalties, and late fees.

¶ 4. Taxpayer contested the assessment at a December 13, 2006 Department hearing, and, after an adverse determination by the Commissioner, dated May 30, 2007, taxpayer appealed to the Chittenden Superior Court. On January 31, 2008, the superior court also ruled against taxpayer. This appeal followed.

¶ 5. Taxpayer did not challenge the Department's assertion that its sales of popcorn and nachos were sales of "taxable meals" pursuant to the Act. Instead, throughout these proceedings, taxpayer contended that Tax Department Regulation 1.9232.8, adopted in 1969, specifically excludes popcorn and nachos from the definition of "taxable meal." Because the Department's regulations are binding on it, and have the force of law until modified or repealed, see 3 V.S.A. § 845(a), taxpayer argued that, despite subsequently enacted statutory provisions to the contrary, its sales of popcorn and nachos cannot be considered "taxable meals" subject to the meals-and-rooms tax. According to taxpayer, where, as here, an agency has an affirmative duty to update its regulations in light of subsequently adopted statutes, see 3 V.S.A. § 848(c), and has failed to do so, the regulation should prevail over the statute to the extent that they conflict.

¶ 6. On appeal, this Court reviews the decision of the Commissioner directly, notwithstanding taxpayer's intermediate appeal to the superior court. *In re Williston Inn Group*, 2008 VT 47, ¶ 11, 183 Vt. 621, 949 A.2d 1073 (mem.). The parties contest the amount of deference this Court should afford the Commissioner's interpretation of Regulation 1.9232.8. Taxpayer insists upon a nondeferential review because its appeal "presents questions of law which are reviewable de novo by this Court." The Department, however, asserts that we must afford deference to the Commissioner's interpretation of the regulation. Regardless of the standard of review, we agree with the Commissioner that the regulation, when read as a whole, does not support taxpayer's interpretation that its sale of prepared food is excluded from the meals-and-rooms tax.

¶ 7. Admittedly, Regulation 1.9232.8 states in section (D) that "popcorn, potato chips . . . and other similar products" are "[e]xamples of items considered to be candy and confectionary not subject to the [meals-and-rooms] tax." Tax Department Regulation 1.9232.8(D), 1 Code of Vermont Rules 10 060 023-6. Taxpayer places great emphasis on the mention of popcorn in the list of excluded items; however, when the regulation is considered in its entirety, it is apparent that the list refers to packaged candy and confectionary — not food items prepared by taxpayer in individual, ready-to-eat portions.

¶ 8. The regulation begins with a sweeping statement in section (A): "[a] 'taxable meal' is defined as being any food . . . or beverages . . . wherever furnished within the state[] for which a charge is made . . . and including food and

beverages purchased from . . . eating and drinking establishments." *Id.* Reg. 1.9232.8(A). The definition of an "eating and drinking establishment" set forth in section (B) of the regulation is similarly sweeping in its scope and includes the snack bar in taxpayer's theater. See *id.* Reg. 1.9232.8(B) (" 'Eating and [d]rinking [e]stablishments' shall include every . . . place where food . . . [is] served.").

¶ 9. Section (C) of the regulation excludes "ordinary retail food stores where packaged food products and/or candy and confectionary are sold" from the definition of "eating and drinking establishments." *Id.* Reg. 1.9232.8(C). Similarly excluded is any portion of an operator's premises which is devoted to the sale of "packaged food or candy." *Id.*

¶ 10. Section (D) then defines in more detail the kind of "packaged food products" that are exempt, but finally emphasizes that, unlike packaged foods, meals-and-rooms tax must be collected on "all prepared meals, [and] snacks . . . sold in individual portions and ready to eat . . . served [by] . . . an 'eating and drinking establishment.' " *Id.* Reg. 1.9232.8(D). The sale of unpackaged food, prepared by the operator of an "eating and drinking establishment" in individual, ready-to-eat portions triggers the meals-and-rooms tax.

¶ 11. Taxpayer argues that the theater's snack bar is not an "eating and drinking establishment" because, according to the regulation, the term does not "include any portion of an operator's premises which is devoted to the sale of packaged food or candy." *Id.* Reg. 1.9232.8(C). Taxpayer claims that the snack bar is devoted to selling "candy," which, as noted above, the regulation defines to include popcorn and similar products. See *supra,* ¶ 7. According to taxpayer, because the snack bar is devoted to selling "candy," it is not an "eating and drinking establishment" and

need not collect meals-and-rooms tax on its sales of popcorn and nachos.[2]

¶ 12. Taxpayer misconstrues the operation of section (C) of the regulation. The portion of section (C) cited by taxpayer operates to allow an "eating and drinking establishment," such as a restaurant, to sell mints or chewing gum at its register, for example, without collecting meals-and-rooms tax on these items. It does not defeat the application of the regulation to prepared meals simply because a taxpayer's facility involves mixed uses — the sale of prepared, unpackaged items alongside prepackaged items.

¶ 13. Even if section (C) operated in the manner advocated by taxpayer, and assuming that the regulation includes popcorn and nachos, as sold by taxpayer, within the definition of "candy," the record shows that the snack bar operated by taxpayer was not "devoted" to the sale of "candy." In addition to selling popcorn, nachos, Sno-Caps®, and Milk Duds®, the record indicates that the snack bar at taxpayer's movie theater also sold, and collected meals-and-rooms tax on, nonbottled beverages, soft pretzels, and hot dogs. In no sense then is the snack bar "devoted" to the sale of "candy," and, therefore, it cannot be excluded from the definition of "eating and drinking establishment" pursuant to taxpayer's erroneous reading of section (C).

---

[2] In its reply brief, taxpayer argues:

> The point here is that Taxpayer's snack bar is not an "eating and drinking establishment" subject to tax, because it is a "portion of any operator's premises which is devoted to the sale of . . . candy" under [section] (C), where candy is defined by [section] (D) to include "popcorn, potato chips, crackerjacks, and other similar products."

¶ 14. Because we conclude that the snack bar in taxpayer's theater is an "eating and drinking establishment," the question then becomes whether the operator-prepared, ready-to-eat popcorn and nachos offered for sale at taxpayer's snack bar are better characterized under the regulation as "prepared ... snacks ... sold in individual portions and ready to eat" or "candy." The "popcorn, potato chips . . . and other similar products" referred to in the definition of "candy" are not prepared for sale by the operator and are prepackaged. They are not subject to the meals-and-rooms tax no matter where they are sold. But the unpackaged popcorn and nachos, as prepared and sold by taxpayer at its snack bar, are operator-prepared snacks sold by an "eating and drinking establishment" and subject to meals-and-rooms tax.

¶ 15. It is unnecessary to reach the issue of whether Regulation 1.9232.8 conflicts with the Act. We have assumed, for the sake of argument, that the regulation is valid and controlling — the position advocated by taxpayer. Nevertheless, we disagree with taxpayer's interpretation and affirm the Commissioner's decision.

*Affirmed.*